UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | |
| ) | |
| Bank of America Account no, XX2827; ) | [SEALED] |
| ) | No. 20-mc-084 |
| Wells Fargo Account No. XX 5851; ) | |
| Wells Fargo Account No. xx1789; and ) | |
| Real Property Located at 4915 Primrose ) | |
| Path Unit C, Sarasota, FL 34242-1564 ) | |
| _____ ) | |

**UNITED STATES' EX PARTE MOTION TO UNSEAL THE DOCKET IN THIS CASE**

The United States of America, by and through its undersigned attorneys, respectfully applies for an order unsealing the docket in this case. The original *Ex Parte* Application to Enforce and Register a Foreign Restraining Order Pursuant to 28 U.S.C. § 2467(d)(3) ("Application"), was filed under seal and the order was granted on December 23, 2020. At the time of that application, France was conducting an on-going criminal investigation, and sealing was necessary both to effectively restrain the assets, and because France had requested confidentiality of the United States' Application pursuant to Article 14 of the U.S. Treaty with France on Mutual Legal Assistance in Criminal Matters, U.S.-Fr., Dec. 10, 1998, T.I.A.S. 13010 (2001) ("the Treaty"). Article 14 of the Treaty requires the United States "to use its best efforts to keep confidential a request and its contents if such confidentiality is requested by the Central Authority of the Requesting State. Consequently, in the United States' Motion to Seal, it represented to the court that it will not move to unseal the enforcement proceedings until France has provided notice to Cantell, and France confirms that there is no longer a need for investigative secrecy. *Id.* at 3. Notwithstanding that notice to all parties including Chrisopher Cantell was affected after the D.C. District Court granted the order, France continued to

request confidentiality under the Treaty as late as August 2021, because as opposed to U.S. law, which disfavors sealing, under French law sealing is the rule and not the exception. French authorities specifically opposed unsealing at that time citing French law (Article 11) of the French Criminal Procedure, which states that acts of investigation are secret and not accessible to the general public during the investigative phase, unless the law provides otherwise.[1] The United States received permission from the French investigative judge to unseal the docket on September 11, 2021. Consequently, there is no further justification to seal the docket in this case.

Considering the foregoing, the United States requests that the docket be UNSEALED and that the documents in this case be available on ECF/PACER.

Respectfully submitted,

Deborah Connor,
CHIEF, MONEY LAUNDERING AND
ASSET RECOVERY SECTION

Date 9/14/2021

/s/Allison Ickovic
MARY BUTLER
Chief, International Unit
ALLISON ICKOVIC
Trial Attorney
U.S. Department of Justice
Criminal Division
1400 New York Avenue, N.W.,
Washington, D.C. 20530
Telephone: (202) 514-1263
Fax: (202) 514-616-2547

Attorneys for Applicant

---

1 A copy of the law in English (which is a translation of an earlier version of the French Criminal Procedure Code amended in 2005) is available at
https://www.legislationonline.org/documents/section/criminal-codes/country/30/France/show.
The French Criminal Procedure Code was amended in January 2020, and while only the French version is available online, article 11 was not affected by the amendments.

UNITED STATES OF AMERICA